UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>        v.<br><br>JOEY MOSES,<br><br>    Defendant/Petitioner. | NO. CR-06-0071-EFS<br>(NO. CV-10-0079-EFS)<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT AND SENTENCE UNDER 28 U.S.C. § 2255** |

Before the Court, without oral argument, is Petitioner Joey Moses' Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 127).  Mr. Moses contends he was denied effective assistance of counsel during sentencing because defense counsel failed to present testimony relating to Mr. Moses' mental health issues and difficulties he experienced while living on the Indian reservation.

**A.   Background**

On May 2, 2007, Mr. Moses pled guilty to Murder in the First Degree in violation of 18 U.S.C. §§ 1111(a) and 1153(a) and Use of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A).  (Ct. Rec. 71.)  At the April 1, 2008 sentencing hearing, the Court granted the Executive Branch's substantial assistance motion and departed downward from first-degree murder's mandatory life sentence.

ORDER ~ 1

After considering the relevant factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Mr. Moses to twenty-five years imprisonment on the first-degree murder conviction, along with a mandatorily-consecutive ten-year sentence on the firearm conviction, for a total term of imprisonment of thirty-five years. (Ct. Rec. 113.) Mr. Moses' direct appeal was denied. (Ct. Recs. 125 & 126.)

**B.   Review Standard**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine a § 2255 motion and the record to determine whether summary dismissal is warranted. Rule 4(b), 28 U.S.C. foll. § 2255. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." *Id.; see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**C.   Analysis**

Viewing the record under this standard, the Court denies Mr. Moses habeas relief. The right to effective assistance of counsel in criminal proceedings is bestowed by the Sixth Amendment. This right is violated when 1) counsel's performance fell below an objective standard of reasonableness and 2) the criminal defendant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This is a high standard for the criminal defendant as a court is to be highly deferential to counsel's chosen performance. *Strickland*, 466 U.S. at 689; *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998).

Counsel's decisions are "examined according to what was known and reasonable at the time the attorney made his choices." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995). A criminal defendant is prejudiced if there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Moses contends that defense counsel's failure to call 1) an expert to testify regarding Mr. Moses' mental health issues and 2) Mr. Moses' girlfriend constituted prejudicial ineffective assistance of counsel. Because defense counsel provided the Court with a written report prepared by Dennis R. Pollack, Ph.D., a mental health expert, who was hired by previously-appointed defense counsel, the Court was aware of Mr. Moses' mental health issues related to neglect as a child, physical abuse on the reservation, and drug and alcohol abuse. The Court discussed Dr. Pollack's mental health evaluation with defense counsel during the sentencing hearing, and defense counsel argued that the Court should take Mr. Moses' mental health issues and the difficult life that he experienced on the reservation into account when fashioning a sentence. In addition, both Defendant's Sentencing Memorandum and the Presentence Investigation Report discussed Mr. Moses' mental health issues and the difficult life that he experienced on the reservation as a result of parental neglect and the physical abuse he suffered from other individuals. Also, because defense counsel was present during Mr. Moses' testimony at the trial of Norman Ford, defense counsel was aware that the Court had heard Mr. Moses' testimony relating to his difficult life on the reservation. Given the quantity and nature of the

ORDER ~ 3

information and argument to the Court relating to Mr. Moses' mental status, upbringing, and abuse suffered, the Court finds that defense counsel's decision to not call Dr. Pollack or Mr. Moses' girlfriend at the sentencing hearing was reasonable and does not constitute ineffective assistance.

Further, Mr. Moses cannot show prejudice arising from defense counsel's decision to not call these individuals as witnesses at the sentencing hearing because the Court did take Mr. Moses' mental health issues and difficult life into account when fashioning the sentence under 18 U.S.C. § 3553(a). During its recitation of its sentencing rationale, the Court stated that it

> sees Mr. Moses as a victim both by his parents and neglect of the tribe for his issues as well as the alcoholism that was front and center throughout the entire trial at Mr. Ford's house - Mr. Ford's trial when witness after witness testified to the kind of abuse of alcohol that took place that night as well as in the days before that as far as Mr. Moses was concerned.

(Ct. Rec. 122 p. 45.) The Court also stated, "[t]he history and characteristics of Mr. Moses have already been discussed. And those are the *mitigating* factors along with the grant of the motion for downward departure under 5K1.1 that the Court has considered. So the Court grants the motion, and that lifts the mandatory requirement of life imprisonment." *Id.* pp. 46-47 (emphasis added). Further, the Court commented, "Mr. Moses has no vocational skills and may be psychologically impaired as a result of a childhood of neglect and abandonment of his parents that are shameful." *Id.* at 48. Mr. Moses failed to show that "there is a reasonable probability that, but for counsel's unprofessional

ORDER ~ 4

errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In summary, it plainly appears from the face of the motion, supporting documents, and prior proceeding that Mr. Moses is not entitled to the requested habeas relief. For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255 **(Ct. Rec. 127)** is **DENIED**.

2. The Court **DECLINES** to issue a certificate of appealability.

3. The related civil case file is to be **CLOSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy of this Order to counsel.

**DATED** this ___20th___ day of May 2010.

                              S/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge

Q:\Criminal\2006\0071.deny.habeas.wpd

ORDER ~ 5